# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Maryanne Chisholm, | ) |
| Petitioner, | ) CV 10-694-TUC-DCB |
| v. | ) |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) **ORDER** |

This matter was referred to Magistrate Judge Hector C. Estrada on February 24, 2012, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On April 9, 2013, Magistrate Judge Estrada issued a Report and Recommendation (R&R) that this Court deny the Petition for Writ of Habeas Corpus on the merits. The Court agrees and denies the Petition.

Petitioner, Maryanne Chisholm was convicted by a jury on October 21, 2005, of 58 counts of illegally conducting an enterprise (Count 1) Safari Media, Inc. through racketeering by engaging in super fraudulent and fraudulent schemes and artifices (Counts 2-4) and selling unregistered securities (Counts 5-58). Counts 2 through 4 charged a scheme or artifice to defraud by false pretenses, representations, promises or material omissions to obtain benefits as follows: Count 2) $24,000,000 from SMI investors; Count 3) insurance for SMI directors and officers purchased from Fireman's Fund Insurance, and Count 4) same from Philadelphia Indemnity Insurance. Counts 5 through 58 alleged sales of unregistered securities to several designated victims. The trial court imposed consecutive sentences on all counts for a total of 27.25 years.

On direct appeal, the Defendant challenged the indictment for multiplicity and challenged the consecutive sentences under the Double Jeopardy Clause in the Fifth Amendment. The Arizona Court of Appeals reversed the consecutive sentence imposed in respect to Count 1 (racketeering) and affirmed the remaining consecutive sentences. On remand, Petitioner was resentenced to 19.25 years as follows: Count 1) the racketeering charge of illegally conducting an enterprise for 3.5 years; the fraudulent scheme and artifice counts (Count 2 concurrent with Count 1 for 5 years; Count 3 consecutive with Count 2 for 5 years; Count 4 consecutive with Count 3 for 9.25 years), and Counts 5-58 for selling unregistered securities for 4.5 years concurrent with each other.

Subsequently, Chisholm filed a Petition for Post-Conviction Relief, raising several charges of ineffective assistance of counsel, including trial counsel's failure to petition for her trial to commence prior to her joint trial with her husband in a different criminal matter. The Arizona Court of Appeals affirmed.

In her direct appeal and her post-conviction petition for relief, the Arizona Supreme Court refused review, therefore, the appellate court opinions are the last-reasoned state court opinions subject to review by this Court. (R&R (Doc. 12) at 10 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-804 (1991); *Plascencia v. Alameida*, 467 F.3d 1190, 1198 (9th Cir. 2006)).

On habeas, Petitioner raises the following grounds: 1) the Double Jeopardy Clause of the Fifth Amendment was violated because Counts 2 through 58 are predicate offenses to Count 1; 2) the Double Jeopardy Clause of the Fifth Amendment was violated because the three separate counts of fraudulent schemes and artifices constituted only on single offense; and 3) trial counsel was ineffective for failing to request that trials of Petitioner proceed in chronological order. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court that the Petitioner was neither charged nor sentenced in violation of the Double Jeopardy Clause and that trial counsel was not ineffective.

/////

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Petitioner, her Petition and the Answer filed by the State of Arizona. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court that the Double Jeopardy Clause of the Fifth Amendment was not violated because the state legislature intended the imposition of multiple punishments for the predicate offenses to Illegally Conducting an Enterprise. Additionally, the Double Jeopardy Clause of the Fifth

Amendment was not violated because Chisholm was charged with three separate and distinct counts of fraudulent schemes and artifices; Counts 2 through 4 did not constitute one single offense. Finally, trial counsel was not ineffective for failing to request that Chisholm's trials proceed in chronological order to protect her right to testify in her own defense.

## OBJECTIONS

Double Jeopardy

In Petitioner's Objection to the R&R, she charges that the magistrate Judge improperly relied on the state court of appeal's decision in this case, wherein it followed *State v. Siddle*, 47 P.3d 1150 (Ariz. App. 2002). In *Siddle*, the state appellate court reasoned that the Arizona legislature "intended the imposition of multiple punishments for the predicate offenses to Illegally Conducting an Enterprise because A.R.S § 13-2312(B) requires the commission of "'another felony offense,' and several of the predicate offenses listed in the racketeering statute constitute more serious offenses than Illegally Conducting an Enterprise." (R&R (Doc. 12) at 2.) Following *Siddle* the state appellate court reasoned that, therefore, "if a charge of Illegally Conducting an Enterprise was based on one of the more serious predicate offenses, to treat the underlying offenses as lesser-included offenses would actually reduce the penalties for the underlying offenses, which the court found the legislature did not intend." *Id.* (citation to Memorandum Decision omitted).

In her Objection, Petitioner argues that *Siddle* is in conflict with Arizona Supreme Court precedent, *State v Girdler*, 138 Ariz. 482 (1983), which held that crimes of arson and felony murder were *separate and distinct offenses* and therefore, could be punished separately." (Objection (Doc. 13) at 3) (emphasis in original ). According to Petitioner, this Court is not bound by the Arizona Court of Appeals' determination regarding legislative intent where it conflicts with decisions of the higher state court, *McSherry v. Block*, 880 F.2d 1049, 1052 n. 2 (9th Cir. 1989), or *where there is no decision of the highest state court,* which is the case, here. Then, "'a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions,

- 4 -

statutes, treatises, and restatements as guidance.'" (Objection (Doc. 13) at 3) (quoting *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)). Petitioner argues that following *Girdler*, the Arizona Supreme Court would find against consecutive sentences because the predicate offenses are not separate and distinct from the racketeering offense.

This Court disagrees. The finding in *Girdler* is limited by its facts, which involved, undisputably, the separate and distinct crimes of arson and felony murder. The Magistrate Judge correctly noted that the Court in *Girdler* did not consider the question of when two statues proscribe the same conduct and the imposition, in a single trial, of cumulative punishments. The Supreme Court has addressed such circumstance, and in *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983) concluded that cumulative punishments do not violate the Double Jeopardy Clause if the state legislature clearly intends to impose them. (R&R (Doc. 12) at 10-11.)

The Court finds that *State v. Siddle*, correctly applied *Hunter,* and, here, the state appellate court correctly applied *Siddle*. This is not a case where the Arizona Court of Appeals' determination regarding legislative intent conflicts with a decision of the higher Arizona Supreme Court. The Petitioner misapplies *Lewis* to argue that because there is no decision of the highest state court, this Court "'must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'" (Objection (Doc. 13) at 3) (quoting *Lewis*, 87 F.3d at 1545). In a federal habeas action, a determination of state law by a state appellate court is binding, especially where the highest court in the state has denied review of the lower court's decision. (R&R (Doc. 12) at 13 (citing *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 629-630 & n. 3 (1988)). Then, this Court's deference is directed to the state appellate court's decision.

For the same reason, the Petitioner misapplies *State v. Prince*, 250 P.3d 1145, 1155 (Ariz. 2011) to argue that there is no precedential value to an appellate decision.

On habeas review, the Supreme Court explained in *Hicks*, that an intermediate appellate court's announcement of a state law is a "datum" for ascertaining state law, especially when the highest court refused review in the very litigation being reviewed by the federal court; it may be arguable that the supreme court of the state will at some later time modify the rule of the case, until that happens– the state law applicable to these parties in this case has been authoritatively declared by the highest state court in which a decision was had. *Hicks*, 485 U.S. at 630 n. 3. The federal court is not free to apply a different rule even though it may think that the state supreme court may someday establish a different rule in some future litigation. *Id.* The Magistrate Judge properly deferred to the Arizona Court of Appeals' determination that the Arizona legislature "intended the imposition of multiple punishments for the predicate offenses to Illegally Conducting an Enterprise because A.R.S 13-2312(B).

The Court agrees with the Magistrate Judge that the state court's determination, here, was neither contrary to, nor an unreasonable application of, federal law clearly established in *Hunter*. The state court's determination was not an unreasonable determination of the facts in light of the evidence.

Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of trial counsel because he failed to timely object to the State's decision to proceed with separate trials, out of their chronological order, for the sole purpose of obtaining convictions for lesser offenses of theft, perjury, and fraud in insolvency, which it could use to impeach the Petitioner should she elect to testify at trial in this case. Petitioner asserts that "but for" counsel's deficient performance, she would have elected to testify at trial. "The right to testify on one's own behalf at a criminal trial . . . is one of the rights that 'are essential to due process of law in a fair adversary process.'" (Objection (Doc. 13) at 8 (quoting *Rock v. Arkansas.,* 483 U.S. 44, 51 (1987), *quoting Faretta v. California,* 422 U.S. 806, 819, n. 15 (1975)).

"Counsel's deficient performance resulted in Petitioner having to waive her right to testify which, although she submits would have changed the outcome of the jury's verdict,

counsel's actions clearly affected Petitioner's decision whether to testify and, but for counsel's deficient performance, the Petitioner would have testified. Based on the clearly established law at the time of the Petitioner's trial, whether she was prejudiced by counsel's ineffectiveness, should have been determined by deciding whether Petitioner would have exercised her right to testify but for counsel's errors." (Objection (Doc. 13) at 8-9.)

Petitioner relies on *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), which framed the question of prejudice in the context of the choice to plead guilty or proceed to trial. Petitioner argues that *Hill* applies to her choice to testify at trial or not. Like the state courts and the Magistrate Judge, this Court finds that *Hill* does not apply because Petitioner did not forgo a judicial proceeding, instead she challenges the reliability of the proceeding because she was forced to forgo testifying.

*Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny apply to assess the fairness of the trial. "Therefore, '[a]bsent some effect of challenged conduct on the reliability of the . . . process the [effective counsel] guarantee is generally not implicated.'" (R&R (Doc. 12) at 27 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000), *quoting United States v. Cronic,* 466 U.S. 648, 658 (1984)). "Thus, to establish ineffective assistance of counsel, the Supreme Court requires that the defendant not only show that counsel's representation fell below the range of competence demanded of counsel in criminal cases, but also that the defendant suffered actual prejudice as a result of counsel's incompetence." (R&R (Doc. 12) at 27.)

"To establish prejudice under *Strickland,* the defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "Further, '[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 691).

Like the state courts and the Magistrate Judge, this Court rejects the Petitioner's argument that she need only show that she would have testified but for counsel's allegedly deficient performance. She must show that the outcome of the proceeding would have been different but for counsel's alleged errors. This Court agrees with the Magistrate Judge that "the state court, in applying *Strickland*, applied the correct law to the issue." (R&R (Doc. 12) at 28.) The state court's ruling was not contrary to, nor an unreasonable application of, clearly established law. Given the finding by the state court that there was overwhelming evidence of her guilt, *id.* at 25, the state court ruling was not an unreasonable application of the facts in light of the evidence presented, *id.* at 28-29.

## CONCLUSION

After *de novo* review of the issues raised in Petitioner's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the Petition for Writ of Habeas Corpus. The Court adopts the R&R, and for the reasons stated in it, the Court denies the Petition.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 12) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases, because Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 23rd day of December, 2013.

David C. Bury
United States District Judge